UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>CA RETAIL LLC, a California limited liability company,<br><br>Defendant. | No. 2:14-cv-00933-MCE-DB<br><br>**ORDER** |

On August 20, 2018, this Court issued a Minute Order addressing the inactivity of this case and ordered that the parties file a Joint Status Report not later than twenty (20) days from the date of the Order. ECF No. 23. The Court advised that failure to comply may result in the issuance of sanctions and/or dismissal of this action. Id. No response was forthcoming. Notably, no activity has transpired in this case since November 7, 2016, more than two years ago, when Plaintiff filed a Notice of Withdrawal of Counsel. See ECF No. 22.

Failure to comply with the Local Rules or any order of the court "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." E.D. Cal. Local R. 110. District courts have the inherent power to control their dockets and, "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal of a case." Thompson v.

1

Hous. Auth. of City of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with the local rules. Link v. Wabash R.R. Co., 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."); Ghazali v. Moran, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Henderson v. Duncan, 779 F.2d 1421, 1424 (dismissal for failure to prosecute and failure to comply with local rules). A district court considers five factors before resorting to the penalty of dismissal: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Cases involving sua sponte dismissal merit special focus on considerations relating to the fifth Henderson factor." Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (citing Henderson, 779 F.2d at 1423 (9th Cir. 1986)). Dismissal is a harsh penalty that should be imposed only in extreme circumstances. Hernandez, 138 F.3d at 398.

     A review of the five Hernandez factors supports dismissal of this action. Plaintiff's lack of prosecution of this case renders the imposition of monetary sanctions futile. Moreover, the public interest in expeditious resolution of litigation, the Court's need to manage its docket, and the risk of prejudice to Defendant all support the imposition of the sanction of dismissal. Only the public policy favoring disposition on the merits counsels against dismissal. However, Plaintiff's failure to prosecute this action makes disposition on the merits impractical and a waste of judicial resources.

/ / /
/ / /
/ / /
/ / /
/ / /

Accordingly, this action is hereby DISMISSED with prejudice for failure to prosecute or to comply with this Court's Order. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: November 13, 2018

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE